

April 15, 2013

The Honorable Barbara Cargill
Chair, State Board of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0998

Re: Whether certain investment decisions for the Permanent School Fund must be made using competitive processes under the State Purchasing and General Services Act (RQ-1092-GA)

Dear Ms. Cargill:

You ask three questions concerning whether the State Board of Education ("the Board") must use a competitive process in the manner required by the State Purchasing and General Services Act when the Board takes certain actions related to investment of the Permanent School Fund ("the PSF").[1] The Board's authority to invest the PSF is granted by article VII, section 5 of the Texas Constitution and chapter 43 of the Education Code. TEX. EDUC. CODE ANN. § 7.102(c)(31) (West 2012). Article VII, subsection 5(f) of the Texas Constitution authorizes the Board to manage the assets of the PSF:

> Notwithstanding any other provision of this constitution, in managing the assets of the permanent school fund, the State Board of Education may acquire, exchange, sell, supervise, manage, or retain, through procedures and subject to restrictions it establishes and in amounts it considers appropriate, any kind of investment, including investments in the Texas growth fund created by Article XVI, Section 70 of this constitution, that persons of ordinary prudence, discretion, and intelligence, exercising the judgment and care under the circumstances then prevailing, acquire or retain for their own account in the management of their affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

TEX. CONST. art. VII, § 5(f).

---

[1]See Letter from Honorable Barbara Cargill, Chair, State Bd. of Educ., to Honorable Greg Abbott, Tex. Att'y Gen. at 4–5 (Oct. 11, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

The State Purchasing and General Services Act ("the Act") is found at chapters 2151–2176 of the Government Code. TEX. GOV'T CODE ANN. §§ 2151.001–2176.203 (West 2008 & Supp. 2012). Among other requirements, the Act requires "competitive bidding and that state agencies purchase goods and services 'that provide the best value for the state.'" *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 111 (Tex. App.—Austin 2007, no pet.) (footnote omitted); TEX. GOV'T CODE ANN. §§ 2155.063, .074 (West 2008). The Act defines "state agency" to include, among others, a "board . . . in the executive branch of state government created by the state constitution or a state statute." TEX. GOV'T CODE ANN. § 2151.002(1) (West 2008). Because it is a board in the executive branch created by the Texas Constitution, the Board is a "state agency" and generally subject to the requirements of the Act. *See* TEX. CONST. art. VII, § 8 (creating the Board).

First, you ask "whether the Board, after exercising its discretionary fiduciary duty to select particular investments, may select and purchase individual investments, directly or through staff, without conducting a competitive process in the manner required by" the Act.[2] Request Letter at 4. The competitive bidding requirement in section 2155.063 applies to "a purchase of or contract for goods or services." TEX. GOV'T CODE ANN. § 2155.063 (West 2008). The Act defines "goods" as "supplies, materials, or equipment," and "service" as "the furnishing of skilled or unskilled labor or professional work," with certain exceptions not applicable here. *Id.* § 2155.001(1)–(2). We find no statutory authority or case law directly addressing whether financial investments of the kind you describe are "goods" or "services" as defined in the Act, but a common understanding of the term "investment" would not normally meet the definition of either "goods" or "services." *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 659 (11th ed. 2005) (defining "investment" as "the outlay of money usually for income or profit"). Furthermore, the Comptroller of Public Accounts (the "Comptroller") recognizes that investments of the type you describe "do not fit the standard definitions of goods or services" under the Act.[3] As the agency charged with administering and enforcing the relevant chapters of the Act, the Comptroller's reasonable determination of what qualifies as goods or services is entitled to deference. *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *see* TEX. GOV'T CODE ANN. § 2155.0012 (West 2008) (authorizing the Comptroller to adopt rules and administer chapter 2155). Thus, because the competitive bidding required under section 2155.063 applies only to goods and services, it is generally not applicable to the selection of financial investments.

Second, you ask "whether the Board may contract with investment managers, directly or through staff, to select investments on behalf of the PSF without conducting a competitive process in the manner required by" the Act. Request Letter at 4. The Board is expressly

---

[2]Each of your questions asks about the authority of both the Board and Board staff. Request Letter at 4–5. The Board "by rule may delegate a power or duty relating to the investment of the [PSF] to a committee, officer, employee, or other agent of the board." TEX. EDUC. CODE ANN. § 43.005(b) (West 2012). Thus, while we answer your questions in terms of the Board's authority, the Board may use its staff whenever appropriate under subsection 43.005(b).

[3]*See* Letter from Ashley Harden, Gen. Counsel, Comptroller of Pub. Accounts to Office of the Tex. Att'y Gen. at 1 (Nov. 20, 2012) ("Comptroller's Brief) (on file with the Opinion Committee).

authorized to "contract with private professional investment managers" to assist the Board in making investments of the PSF. TEX. EDUC. CODE ANN. § 43.005(a) (West 2012). The Act requires that any contract for services "shall, whenever possible, be accomplished through competitive bidding." TEX. GOV'T CODE ANN. § 2155.063 (West 2008). The Act defines "service" to include "skilled . . . professional work." *Id.* 2155.001(2). As you describe them, investment managers perform skilled professional work for the Board. *See* Request Letter at 2. Furthermore, in describing "investment managers," you explain that the Board contracts with them "for the *service* of selecting appropriate investments." *Id.* (emphasis added). While the Act requires competitive bidding only "whenever possible," you indicate that in the past the Board "has used a competitive bidding process to select investment managers." TEX. GOV'T CODE ANN. § 2155.063 (West 2008); Request Letter at 2. We assume based on that representation that it will be possible to use a competitive bidding process in the future. Therefore, generally speaking, the Board must comply with the Act's competitive bidding procedures when contracting with investment managers.[4]

Third, you ask "whether the Board may authorize PSF staff . . . to select and contract with investment service providers (such as third party administrators and auditors) . . . without conducting a competitive process in the manner required by the State Purchasing and General Services Act." Request Letter at 4–5. You explain that investment service providers "would contract directly with the separate investment entity and provide various administrative services, including, for example, third party fund administration (such as accounting, record-keeping, account reporting, and other related services), auditing, and insurance." *Id.* at 3. The services that you describe as being provided by investment service providers would generally be "skilled professional work," and therefore "service" as defined in subsection 2155.001(2). Thus, generally speaking, the Board must use the competitive bidding procedures required by the Act in contracting for those services.[5] However, the definition of "service" in section 2155.001(2) expressly excludes a "professional service subject to Subchapter A, Chapter 2254." TEX. GOV'T CODE ANN. § 2155.001(2) (West 2008). The services defined as "professional services" subject to Subchapter A, Chapter 2254 include "accounting." *Id.* § 2254.002(2)(A)(i). Thus, the Board "*may not* select a provider of [accounting] services . . . on the basis of competitive bids . . ., but shall make the selection and award: (1) on the basis of demonstrated competence and qualifications to perform the services; and (2) for a fair and reasonable price." *Id.* § 2254.003(a) (emphasis added).

---

[4]As the Comptroller points out, the term "investment manager" could have multiple meanings. Comptroller's Brief at 1. Your description suggests that you understand it to mean a person or firm hired to manage investments on behalf of the entity independent of any specific investment decision. Request Letter at 2. However, a managed fund or other group investment may also have an "investment manager," although the investing entity selects the fund not primarily because of services provided by the fund's manager but because of the potential risks and returns of the investment. Whether any particular arrangement constitutes an investment or a service is a fact question that this office cannot address. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (noting that questions of fact are not resolved in the opinion process).

[5]The Comptroller states that "these services are widely available to be competitively procured." Comptroller Brief at 2.

## S U M M A R Y

Government Code section 2155.063 requires competitive bidding to be used for the purchase of or contract for goods or services. If the State Board of Education purchases investments directly, those purchases generally would not involve contracting for goods or services, as those terms are defined in chapter 2155, and in such instances, the competitive bidding requirement of section 2155.063 would be inapplicable.

The Board must generally use competitive bidding when contracting with investment managers and investment service providers, as those contracts would involve the purchase of services, as that term is defined in chapter 2155. However, the term "service" in chapter 2155 expressly excludes accounting services. To the extent that the Board is contracting for accounting services, the competitive bidding requirement of section 2155.063 would be inapplicable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee